Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4393 | **DATE** | 10/20/2011 |
| **CASE TITLE** | Thomas Whitehead (B-07870) vs. Randy Pheister, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, and even when liberally construing the allegations in the complaint, Plaintiff has failed to plausibly suggest a federal cause of action. Nor has Plaintiff shown that the court would have subject matter jurisdiction over any potential state law claims. Therefore, the instant action is dismissed. All pending motions are stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Thomas Whitehead's (Whitehead) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Pursuant to 28 U.S.C. § 1915, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted. . . ." *Id.*

Whitehead complains that where he is incarcerated the plastic trays on which food is served are not sufficiently clean. Whitehead claims that the trays "made [him] sick" but has not presented any facts or evidence to indicate that to be plausible. Whitehead contends that the prisoners are forced to eat off "contaminated plastic food trays," that he "became physically, mentally, fatigue [sic] depress [sic] and, Sick from eating out of" the trays, and that he and other inmates have been subjected to "food poison [sic] and Hepatitis A" by the trays. (Compl. 6-9). However, Whitehead fails to present facts or evidence to show any factual basis for his claims or that his allegations are based on anything other than unfounded speculation. Whitehead, however, has not presented any facts or evidence to show deliberate indifference or a basis for any federal cause of action based on the plastic food trays. *See, e.g., Mays v. Springborn*, 575 F.3d 643, 648

(7th Cir. 2009).

Whitehead also claims that he was retaliated against when he complained about the trays. He claims that "in retaliation for try [sic] to protect [his] life," he "was fed meat loaf" and was "denied tea." (Compl. 10-11). However, an inmate does not have a constitutional right to the food and drink of his choice. Whitehead also contends that he has not been able to obtain sufficient legal resources to pursue the various lawsuits he has filed, but Whitehead has not alleged facts to plausibly suggest a violation of his constitutional right to access the courts or any other federal claim. Whitehead made general references to court deadlines, but failed to provide concrete facts showing that he was tangibly hindered in any meaningful way in accessing the courts. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 351 (1996)(indicating that there is no "abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense"); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005). Whitehead also indicates that he has pursued various grievances at his place of incarceration regarding his various complaints about the conditions of his confinement. Whitehead must seek relief with the grievance process at his place of incarceration and exhaust such remedies. 42 U.S.C. § 1997e(a). Whitehead has not clearly indicated whether any of his grievances are still pending or whether he has pursued appeals for any or all of his grievances. Also, although a prisoner has a right to pursue an available grievance process, "[t]here is no constitutional right to the satisfactory resolution of institutional grievances." *Boatman v. Dart*, 2009 WL 1137753, at *5 (N.D. Ill. 2009); *see also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011)(stating that "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause"). Whitehead also presents various other unrelated factual allegations in his 141 page *pro se* complaint such as that he has migraines, trouble sleeping, circles on his body, "phattie tissue [that] is hurting [his] head," and that he is not satisfied with his medical treatment. (Compl. 38-46). However, Whitehead has indicated that he has received medical treatment and has not provided a basis to show that there were any constitutional violations relating to such treatment. *See Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006)(stating that "[t]o infer deliberate indifference on the basis of a physician's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not

| STATEMENT |
|---|
| actually based on a medical judgment"). |
|      Whitehead also claims that there are roaches and rodents in his cell. However, Whitehead acknowledges that the prison officials have made efforts to exterminate such pests. (Compl. 64). Whitehead claims that the chemicals used to exterminate pests were "watered down," but Whitehead fails to allege facts to make his belief plausible. (Compl. 64). Nor does Whitehead allege facts that plausibly suggest conditions that would be constitutional violations. *See, e.g., Sain v. Wood*, 512 F.3d 886, 889 (7th Cir. 2008). |
|      Since Whitehead is proceeding *pro se*, the court has liberally construed his complaint. Even when liberally construing the allegations in the complaint, Whitehead has failed to plausibly suggest a federal cause of action. Nor has Whitehead shown that the court would have subject matter jurisdiction over any potential state law claims. Therefore, the instant action is dismissed. All pending motions are stricken as moot. |